## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LIGHTNING PARTNERS, INC.,
d/b/a KENROY HOME,

       Plaintiff,

v.                                  Case No. 3:21-cv-399-TJC-PDB

SPS COMMERCE, INC.,

       Defendant.

_____

### <u>O R D E R</u>

According to its complaint (Doc. 1), plaintiff, a lighting and home accessory company based in Jacksonville and incorporated in Florida, contracted with defendant, a citizen of Delaware and Minnesota, to provide electronic services to bridge incompatible software programs plaintiff uses to fulfill the approximately 900 customer orders it receives each day.  Plaintiff alleges defendant was unable to perform, causing plaintiff to lose business and requiring it to hire a different company to do the work, resulting in damages well in excess of $75,000.  Plaintiff filed suit alleging defendant breached the parties' contract (Count I) and violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") when it falsely represented that it could provide the services for which the parties contracted (Count II).  In the alternative, plaintiff also sues for unjust enrichment (Count III) and promissory estoppel

(Count IV).

Defendant now moves to dismiss (Doc. 10) arguing that a mandatory forum-selection clause in the parties' contract requires dismissal under the doctrine of <u>forum non conveniens</u>.[1]  Plaintiff filed a response (Doc. 12), and defendant filed a reply (Doc. 16).

The parties' contract (which plaintiff attached to its complaint) provides that "[t]he exclusive jurisdiction and venue for any litigation arising out of or related to this Agreement shall be in the federal or state courts located in Hennepin County, Minnesota."  Doc. 1, Exh. B at 5.  Plaintiff argues that defendant missed its chance to enforce this mandatory forum-selection clause when it failed to move to dismiss under Federal Rule of Civil Procedure 12(b)(3), that transfer under 28 U.S.C. § 1404(a) (not dismissal for <u>forum non conveniens</u>) is the only way to enforce a forum-selection clause that includes a federal forum, and that the forum-selection clause is "invalid."

First, plaintiff is mistaken that defendant should have pursued dismissal based on their forum-selection clause via Rule 12(b)(3), which provides for dismissal based on improper venue.   In <u>Atlantic Marine Construction Co., Inc.</u>

_____

[1] Defendant further argues that plaintiff's FDUTPA claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to meet Rule 9(b)'s pleading standard and because the alleged wrongful acts are non-actionable.   Because the Court finds the <u>forum non conveniens</u> doctrine dictates dismissal, it does not address these additional arguments, which defendant is free to raise if the cases is refiled in another forum.

v. U.S. District Court for the Western District of Texas, the Supreme Court explained that Rule 12(b)(3) allows "dismissal only when venue is 'wrong' or 'improper' [but] [w]hether a venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause."  571 U.S. 49, 55 (2013).  Venue is determined solely by the criteria outlined in the federal venue statute, without regard to the parties' agreement as to forum.[2]  Id.  Defendant is not arguing that venue is "wrong" or "improper" in the Middle District of Florida (where plaintiff alleges a substantial part of the events or omissions giving rise to the claim occurred), but rather that the case should be dismissed based on the judicial doctrine of forum non conveniens.   Thus, Rule 12(b)(3) has no application here.

Second, in Atlantic Marine, the Supreme Court expressly held that the forum non conveniens doctrine is an "appropriate enforcement mechanism" for a forum-selection clause.  Atl. Marine, 571 U.S. at 61.  See also Schrenkel v.

---

[2] With certain exceptions not applicable here, the general venue statute, 28 U.S.C. § 1391, provides that venue lies in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

LendUS, LLC, No. 2:18-cv-382-FtM-29CM, 2018 WL 5619358, at *5, *8 (M.D. Fla. Oct. 30, 2018) (citing Atlantic Marine and dismissing case on grounds of forum non conveniens based on forum-selection clause which provided forum in state or federal court in Delaware).   And, while it is true that this case could be transferred to the District of Minnesota (the only federal court that fits the parties' contractual choice of forum),[3] given that the parties' contract also provides the option of an additional forum—a Hennepin County state court— there is no requirement that the Court transfer, as opposed to dismiss, the case. See, e.g., Hisey, 753 F. App'x at 703-04 (rejecting argument that case should have been transferred from Southern District of Florida and affirming dismissal under forum non conveniens where forum-selection clause provided for venue in Pennsylvania); Apex Toxicology, LLC v. United Healthcare Servs., Inc., No. 17-61840-CIV-SMITH, 2020 WL 2932953, at *1 (S.D. Fla. May 14, 2020) (dismissing claims without prejudice based on forum non conveniens where forum-selection clause "require[d] that suit be filed 'in a state or federal court located in San Francisco, California'"); Schrenkel, 2018 WL 5619358, at *5, *8 (dismissing claims where forum-selection clause provided for litigation in state

---

[3] See, e.g., Hisey v. Qualtek USA, LLC, 753 F. App'x 698, 704, n.5 (11th Cir. 2018) (noting a district court is permitted, but not required, to sua sponte convert a motion to dismiss into a 1404(a) transfer motion where a forum-selection clause contemplates a different federal forum).

or federal court in Delaware). [4]   Cf. Big Gates Mgmt. Grp. Int'l, LLC v. James, No. 1:18-cv-3291-JPB, 2020 WL 4556139, at *1-2 (N.D. Ga. April 20, 2020) (electing to sua sponte consider transfer in lieu of dismissal where defendant improperly moved for dismissal under Rule 12(b)(3) based on forum-selection clause requiring litigation to be brought in "state and federal courts in the City of Tampa, Florida").   Here, unlike in the many cases cited by plaintiff, defendant has not sought transfer and, while plaintiff's filing of this suit in federal court may indicate a likelihood that it would choose a federal forum in Hennepin County too, the forum-selection clause does not compel that choice. Cf. Pappas v. Kerzner Int'l Bah. Ltd., 585 F. App'x 962, 967 n.2 (11th Cir. 2014) (explaining that "when a forum-selection clause requires a different federal forum, the clause should be enforced through a motion to transfer under 28 U.S.C. § 1404(a)") (emphasis added).

Having established that defendant may seek dismissal based on forum non conveniens, the Court must determine whether to do so.   Generally, a party seeking dismissal for forum non conveniens "must demonstrate that (1)

---

[4] Admittedly, the facts of both Hisey and Apex had nuances not present here.   In Hisey, there were three federal district courts in Pennsylvania from which to choose (in addition to state courts).   753 F. App'x at 704.   And in Apex, only some claims were subject to the forum-selection clause.   2020 WL 2932953, at *2.   However, those distinctions do not compel a different result here.   Furthermore, in Schrenkel, like here, the forum-selection clause provided for state or federal courts in a location where only one federal court was available (Delaware there, Minnesota here).

an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." GDG Acquisitions, LLC v. Gov't of Belize, 749 F.3d 1024, 1028 (11th Cir. 2014) (quotation and citation omitted). But with the existence of a valid forum-selection clause, "the calculus changes." Atl. Marine, 571 U.S. at 63. In that case, "the party defying the forum-selection clause" "has the burden of establishing that transfer to the forum for which the parties bargained [or dismissal] is unwarranted." Id. at 64.[5] Additionally, the private interest factors are deemed "to weigh entirely in favor of the preselected forum." Id. This is so because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge a preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. Thus, the Court considers whether an adequate alternative forum is available and whether the public-interest factors weigh in favor of dismissal.

---

[5] In Atlantic Marine, (decided in the context of a motion to transfer), the Supreme Court stated that these "same standards [for motions to transfer under § 1404(a)] should apply to motions to dismiss for forum non conveniens in cases involving valid forum-selection clauses pointing to state or foreign forums." Atl. Marine, 571 U.S. at 66 n.8. As noted in Hisey, Atlantic Marine's teachings are likewise applicable to a motion to dismiss for forum non conveniens where a federal forum is among the options in a valid forum-selection clause. Hisey, 753 F. App'x at 704.

First, however, the Court addresses plaintiff's arguments that the forum-selection clause is invalid. "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel v. Kerzner Int'l Hotels Ltd., 579 F. 3d 1279, 1281 (11th Cir. 2009) (citation omitted).

> A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

Id. (citation omitted).   Addressing these factors, plaintiff argues that Minnesota is an inconvenient forum for at least some of its shareholders who are Florida residents, its leadership is not in Minnesota, a Minnesota court would be less familiar than would a Florida court with plaintiff's Florida-specific FDUTPA claim, Florida has an interest in litigating claims related to Florida commerce, and Florida has an interest in ensuring that FDUTPA claims are properly handled.

None of these arguments carry the day.  By the allegations of its complaint and supporting attachments, plaintiff is operating a large consumer products business, handling thousands of orders each week and dealing with dozens of well-known national brand trading partners and international

suppliers.   Requiring a sophisticated party such as plaintiff to litigate in Minnesota is not so inconvenient or unfair as to deprive it of its day in court. See, e.g., Turner v. Costa Crociere S.p.A., 9 F.4th 1341, 1345-46 (11th Cir. 2021) ("A plaintiff who relies on inconveniences that were 'foreseeable at the time of contracting' in order to meet [the burden of showing unenforceability] can prevail only by showing 'that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'") (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17-18 (1972)); Jackson v. Threebridge Solutions, LLC, No. 8:21-cv-2464-WFJ-AEP, 2022 WL 45050, at *2 (M.D. Fla. Jan. 5, 2022) (finding forum-selection clause was valid notwithstanding inconvenience to Florida plaintiff of litigating her employment suit in state court in Hennepin County, Minnesota, which would involve hiring Minnesota counsel, spending time and money repeatedly traveling to and securing lodging in Minnesota, missing days of work, and transporting witnesses and evidence to Minnesota, concerns which were foreseeable when plaintiff signed her employment contract with a forum-selection clause).

As to the law to be applied, plaintiff's breach of contract claim is governed by Minnesota law while Florida law would apply to its FDUTPA claim.   A Minnesota court is well capable of considering both without depriving plaintiff of a remedy.   See, e.g., Carrigg v. Gen. R.V. Ctr., Inc., No. 3:18-cv-654-J-

34PDB, 2018 WL 5904447, at *9-10 (M.D. Fla. Nov. 9, 2018) (granting motion to transfer where parties' forum-selection clause provided that claims must be filed in Michigan, notwithstanding presence of FDUTPA claim); Smith v. Oasis Legal Fin., LLC, No. 8:17-cv-2163-T-33JSS, 2017 WL 4922271, at *5 (M.D. Fla. Oct. 31, 2017) (dismissing case for forum non conveniens, finding effectiveness of Florida's consumer protection laws, including FDUTPA, are not significantly undermined by enforcement of forum-selection clause which required litigation in Illinois state court); Davis v. Avvo, Inc., No. 8:10-cv-2352-T-27TBM, 2011 WL 4063282, at *3-4 (M.D. Fla. Sept. 13, 2011) (granting motion to transfer to the Western District of Washington based on forum-selection clause notwithstanding FDUTPA claim); see also Am. Residential Equities, LLC v. Dell Mar Datatrac, Inc., No. 08:20014-CIV, 2008 WL 11333097, at *3 (S.D. Fla. Mar. 13, 2008) (citing Florida state courts that have rejected notion that a FDUTPA claim is a basis to disregard a forum-selection clause).

Likewise, none of plaintiff's public policy arguments are convincing. The public does not have a particularly strong interest in having a Florida court decide this case—the commerce affected by the parties' contract is not limited to Florida, and (as noted above) Florida courts have not found that any public interest related to the handling of FDUTPA claims is sufficient to override a forum-selection clause. Plaintiff has not argued that any administrative difficulties or court congestion would be factors, nor does the Court find they

would be.   Plaintiff has not made the "strong showing" necessary to show that enforcement of the forum-selection clause is unfair or unreasonable.   <u>Krenkel</u>, 579 F.3d at 1281.   Thus, the forum-selection clause is valid.

Because the parties' forum-selection clause is valid and enforceable, the Court turns to the question of whether dismissal on grounds of <u>forum</u> <u>non</u> <u>conveniens</u> is warranted, considering whether there is an adequate alternative forum and whether the public-interest factors weigh in favor of dismissal. [6] However, public-interest factors will "rarely defeat" a motion to enforce a valid forum-selection clause.   <u>Atl. Marine</u>, 571 U.S. at 64.   <u>See also</u> <u>GDG Acquisitions</u>, 749 F.3d at 1028 ("[A]n enforceable forum-selection clause carries near-determinative weight in [a <u>forum</u> <u>non</u> <u>conveniens</u>] analysis.") (citing <u>Atl. Marine</u>, 571 U.S. at 64).   For the reasons stated above, the Court determines that a Minnesota state or federal court is an "adequate alternative forum," and each of plaintiff's public-interest arguments (also addressed above) are unpersuasive.   This is not the "rare" case where a forum-selection clause

---

[6] These factors (which in large measure overlap those considered in evaluating the validity of a forum-selection clause) include "the administrative difficulties flowing from court congestion, the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."   <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 n.6 (1981) (citation omitted).

should be cast aside. <u>Atl. Marine</u>, 571 U.S. at 64. The Court therefore finds this case is due to be dismissed on grounds of <u>forum non conveniens</u>.[7]

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss based on the <u>forum non conveniens</u> doctrine (Doc. 10) is **granted**. Plaintiff's complaint is **dismissed without prejudice** to filing in either state or federal court in Hennepin County, Minnesota. The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of February, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

---

[7]Neither party argued that the Court should transfer in lieu of dismissing (defendant argued against transfer, and plaintiff argued defendant failed to present the appropriate procedural vehicle to transfer). The Court has nonetheless considered it. However, plaintiff has not argued that it will suffer any prejudice (such as the expiration of a statute of limitations) if the case is dismissed instead of being transferred. And the parties' bargained-for forum-selection clause provides for a state or federal court. That choice should be plaintiff's to make. <u>See</u> <u>Hisey</u>, 753 F. App'x at 704 (holding that district court did not err in dismissing under <u>forum non conveniens</u> instead of transferring where forum-selection clause provided for state or federal courts in Pennsylvania).

s.
Copies:
Counsel of record